UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

> IN RE:
>
> ALL MATTERS IN THE UNITED STATES
> BANKRUPTCY COURT FOR THE DISTRICT OF
> NEW JERSEY INVOLVING THE UNITED STATES
> AS A PARTY

**GENERAL ORDER
CONCERNING GOVERNMENT REOPENING AS APPLIED TO
UNITED STATES AS A PARTY**

The relief set forth on the following pages, numbered two (2) through four (4) is
hereby **ORDERED**.

Dated: November 13, 2025

Christine M. Gravelle, Chief Judge
U.S. Bankruptcy Court
District of New Jersey

This matter is before the Court upon the November 12, 2025 reopening of the Federal
Government by funding through Congressional appropriation, thereby terminating the period of a
lapse in appropriations (the "Lapse Period") addressed by the Court in its prior General Orders
entered on October 1, 2025 (the "Phase I General Order"), and October 17, 2025 (the "Phase II
General Order").

During this Lapse Period, the United States represented to the United States District Court for the
District of New Jersey ("District Court") that certain Department of Justice attorneys and
employees of the federal government, including the United States Attorney's Office for the
District of New Jersey ("U.S. Attorney's Office"), were prohibited from working, even on a
voluntary basis, except in very limited circumstances, including "emergencies involving the
safety of human life or the protection of property." 31 U.S.C. § 1342. This lapse in
appropriations required a reduction in the workforce of the U.S. Attorney's Office and other
federal departments and agencies, including the Office of the United States Trustee, with respect
to civil cases.

In response, this Court entered its Phase I General Order suspending all litigation in a bankruptcy
case or adversary proceeding pending in this District, involving as a party the United States of
America, its agencies, and/or any other party represented by the Department of Justice or the
United States Attorney's Office ("the United States"), until such time as the federal government
was funded by congressional appropriation or for a period set forth in any relevant District Court
Standing Order.

Insofar as the Lapse Period has expired by the funding of the Federal Government through
Congressional appropriation, it is hereby

**ORDERED** that, absent other direction or order from the Court, all pending adversary
proceedings, contested matters, or litigation (including motions and deadlines) related to the
United States' claims and in which the United States or its' employees are direct parties to such
proceeding are hereby reinstated as of December 1, 2025; and it is

2

**FURTHER ORDERED** in all pending cases in which the governmental proof of claim bar date and administrative expense bar date were set to expire during or after Lapse Period, those bar dates are hereby extended as to the United States, for 43 days from the existing bar date, representing the number of calendar days between the October 1, 2025 lapse in Congressional appropriations and the November 12, 2025 funding of the Federal Government through Congressional appropriation. (By way of example, if the Court had set a governmental bar date of October 31, 2025 prior to the governmental shutdown, pursuant to terms of this Order, the new governmental bar date would be December 13, 2025); and it is

**FURTHER ORDERED** that any deadline that was set to expire during or after the Lapse Period in a Joint Scheduling Order or Joint Mediation Order in any pending adversary proceeding to which the United States is a party, including deadlines for completion of discovery and filing dispositive motions, are hereby extended for 43 days from the existing deadlines.   Trial dates will be adjourned by the chambers of the presiding judge to a date not less than 43 days from the currently scheduled trial date. Upon the request of a party the Court may, in its discretion, hold a scheduling conference to further modify the dates based upon the facts of each case; and it is

**FURTHER ORDERED** that in any case where the deadline to file a complaint objecting to dischargeability was set to expire during or after the Lapse Period, as to the United States, that deadline is also hereby extended for 43 days from the existing deadline; and it is

**FURTHER ORDERED** that any deadline to object to discharge, as to the United States, which expired during the Lapse Period or within the first fourteen calendar days from the entry of this Order, shall be granted an extension of fourteen calendar days from the date of this order; and it is

**FURTHER ORDERED** that notwithstanding the above, as to the United States, with respect to any governmental proof of claim bar date and/or deadline to object to dischargeability that would otherwise be reinstated by the terms of this Order within the first fourteen calendar days from the

3

entry of this Order, such bar date or deadline shall be granted an additional extension of fourteen calendar days.   (For clarity, this provision affects any bar date or deadline which, after the 43-day extension, expires on or before November 27, 2025); and it is

**FURTHER ORDERED** that this order **does** **not** affect deadlines or other rights concerning motions, adversary proceedings, or appeals involving parties other than the United States; and it is

**FURTHER ORDERED** that any litigant affected by this Order may seek relief from the Court by motion; and it is

**FURTHER ORDERED** that nothing in this Order shall preclude any party from seeking further extensions of any deadlines set forth herein in accordance with the Federal Rules of Bankruptcy Procedure, United States Bankruptcy Court for the District of New Jersey Local Bankruptcy Rules, United States Bankruptcy Code, or other relevant authorities; and it is

**FINALLY ORDERED** that the Court may, in any particular matter, vary the effect or operation of this Order by separate ruling and respective docket entry.

The Court may renew or modify this Order depending on developments and incorporates by reference any relevant Standing Order entered by the District Court required to continue its operations in the most efficient manner.

The Court shall distribute this Order by:
a. Electronic mail to all registered CM/ECF users;
b. Mail to all self-represented debtors in a bankruptcy case;
c. Mail to all self-represented plaintiffs and defendants in adversary proceedings; and
d. Posting the Order and a Notice to the Bar on the Court's website.

4

United States Bankruptcy Court

District of New Jersey

Pitta,

    Plaintiff

Adv. Proc. No. 25-01805-MBK

Kellanova,

    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0312-3 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Nov 14, 2025 | Form ID: pdf906 | Total Noticed: 0 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 16, 2025:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | Kellanova |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 16, 2025          Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 14, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brigette G McGrath | |
| | on behalf of Plaintiff Thomas A. Pitta bmcgrath@askllp.com  lmiskowiec@askllp.com;kcasteel@askllp.com;vweber@askllp.com |

TOTAL: 1